UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY GALENTINE<br>*Plaintiff* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:16-cv-600 |
| | § | |
| TIDEPORT DISTRIBUTING, INC.,<br>*Defendants* | §<br>§<br>§ | |

## PLAINTIFF'S ORGINAL COMPLAINT

Plaintiff ANTHONY GALENTINE ("Mr. Galentine" or "Plaintiff") brings this action against Defendant TIDEPORT DISTRIBUTING, INC. ("Defendant"). In bringing this action, Plaintiff presents the following:

## NATURE OF ACTION

1. The action is brought to remedy claims for unpaid wages, breach of contract, fraud in the inducement, negligent misrepresentation, constructive and common law fraud, negligent performance of contract, discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("TITLE VII"), and retaliation.

## JURISDICTION

2. This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

3. Venue in this Court is appropriate pursuant to 42 U.S.C § 12117 (a), 42 U. S. C. §2000E-5 (f) (3), and 28 U. S. C. §1391 because the employment practices involved in this dispute occurred in Harris County, Texas. Thus, venue is proper in the Southern District of Texas.

4. This court has personal jurisdiction over Tideport Distributing, Inc. Specifically, Defendant is located in and engages in business in Harris County, Texas. Thus, Defendant has sufficient minimum contacts with Texas to establish both specific and general jurisdiction of this Court.

## ADMINISTRATIVE PROCEEDINGS

5. All known conditions precedent to this lawsuit within the meaning of 9 (c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

## PARTIES

6. Plaintiff Anthony Galentine is an individual residing in Houston, Harris County, Texas. At all relevant times, Plaintiff was an employee of Defendant.

7. On information and belief, Defendant Tideport Distributing, Inc. ("Defendant") is a Texas corporation with its principal place of business located in Harris County, Texas.

8. At all times relevant to the allegations in this Petition, Defendant operated from a facility located in Harris County, Texas.

9. Defendant is a covered employer.

10. Defendant may be served with citation and copy of this Petition through its registered agent, Mr. John Prewitt, 4225 Research Forest Drive, Suite 202, The Woodlands, Texas 77381.

## FACTS

11. Employee. Plaintiff was employed by Defendant as an at-will employee. Plaintiff is an "employee" as defined under 42 U.S.C. § 2000e (f) of Title VII.

12. Employer. An "employer" is defined in 42 U.S.C. § 2000e (b) of Title VII as "a person engaged in an industry, which affected commerce, and because it had over the requisite number

of employees and administrative employees working for it at all times relevant to this suit." Defendant is principally engaged in the business of petroleum products, transportation and storage. In addition, Defendant employs over 15 employees. Defendant is a "covered" "employer" as defined by 42 U.S.C. § 2000e (b) of Title VII.

13. On or about December 15, 2009, Plaintiff was employed by Defendant as a truck driver.

14. Defendant agreed to compensate Plaintiff in an amount equal to twenty-five (25) percent of the value for each load he transported. Throughout Plaintiff's employment, he delivered loads to various entities in accordance with the mutual agreement.

15. In addition, Plaintiff is entitled to be compensated hourly for services performed not related to driving. Specifically, Plaintiff performed work in and around the plant yard when he was not on the road hauling loads.

16. However, Defendant failed to compensate Plaintiff pursuant to their agreements.

17. Plaintiff requested documentation and an explanation of wage calculation by Defendant; however, Defendant refused to allow Plaintiff access to such documents and information.

18. Further, Defendant made intimidating threats of termination upon Plaintiff's requests for wage documents and information.

19. On or about 2013, Defendant became aware of a previous lawsuit Plaintiff brought against his former employer for discrimination. Plaintiff was approached by Roger Buckaloo, the General Manager, who informed him that Van Matthews, District Manager, wanted to fire him immediately. Defendant did not immediately terminate Plaintiff. However, Defendant reduced Plaintiff's loads.

20. On or about November 27, 2013, Defendant placed Plaintiff on indefinite leave. Defendant used the excuse that Plaintiff took a load originally assigned to another driver as a

basis for my suspension. However, it was common practice for employees to take available loads when a scheduled load was unavailable, regardless of who was assigned to the load. Plaintiff was the only employee disciplined for taking a load originally assigned to another employee. While on indefinite suspension, Plaintiff continuously called in to find out whether he could return to work. Defendant informed Plaintiff to stop calling and that Defendant would inform Plaintiff when a load would be available for him to take.

21. On or about March 13, 2015, Plaintiff was terminated.

## COUNT I-RACE DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACTS OF 1964

22. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Complaint.

23. Defendant discriminated against Plaintiff because of his race.

24. 42 U.S.C. § 2000e-2 makes it unlawful to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

25. Plaintiff, an African-American male, was employed by Defendant as an at-will employee. Plaintiff's supervisor subjected him to several sorts of employment actions not required of similarly situated personnel who were not African American. In addition, Defendant failed to address derogatory comments made by Defendant's employees in the presence of Defendant. Plaintiff was discriminated against as a result of his race. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this Court.

26. Plaintiff was placed on indefinite suspension for taking an available load when a scheduled load was unavailable. However, employees outside the class were not suspended for

the same conduct. In addition, under the belief or information, employees outside Plaintiff's protected class were paid more than African-Americans.

27. Plaintiff suffered actual damages and loss for which he herein sues. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court. Plaintiff's injury resulted in response to Defendant engaging in a discriminatory practice with malice or with reckless indifference to the federally protected rights of an aggrieved individual, which entitles Plaintiff to punitive damages under the 24 U.S.C. § 1981a (b).

28. Pursuant to the 42 U.S.C. § 2000e-2 of TITLE VII, Plaintiff brings action against Defendant for all violations Defendant has committed of § 2000e-2, which may be revealed, through discovery or otherwise.

29. Plaintiff is entitled to recover compensatory damages. Plaintiff has also had to employ an attorney to vindicate his rights under the law, and seeks reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and post-judgment interest, and punitive damages to the extent authorized by law. All of Plaintiff's claims are within the jurisdictional limits of this Court.

## COUNT II- RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACTS OF 1964, 42 U.S.C. § 2000E - 3

30. Plaintiff hereby adopts by reference each and every paragraph of the facts and allegations stated in this Complaint.

31. Defendant retaliated against Plaintiff because he opposed unlawful employment practices.

32. 42 U.S.C. § 2000e-3 makes it an unlawful employment practice for an employer to discriminate against any of his employees or applicants because he has opposed any unlawful employment practice

under this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

33. After Defendant learned of Plaintiff's lawsuit based on discrimination, Defendant began removing loads for him to transport. Subsequently, Defendant suspended Plaintiff indefinitely. Plaintiff was terminated on or about March 13, 2015.

34. Plaintiff suffered actual damages and loss for which he herein sues. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this Court. Plaintiff's injury resulted from Defendant engaging in a discriminatory practice with malice or with reckless indifference to the federally protected rights of an aggrieved individual, which entitles Plaintiff to punitive damages under the 24 U.S.C. § 1981a (b).

35. Pursuant to the 42 U.S.C. § 2000e-3 of TITLE VII, Plaintiff brings action against Defendant for all violations Defendant has committed of § 2000e-3, which may be revealed, through discovery or otherwise.

36. Plaintiff is entitled to recover compensatory damages. In addition, Plaintiff seeks to recover prejudgment and post-judgment interest, and punitive damages to the extent authorized by law. All of Plaintiff's claims are within the jurisdictional limits of this Court.

## **VICARIOUS LIABILITY**

37. Defendant is vicariously liable for each claim mentioned herein. Whenever in this petition it is alleged that Defendant committed any act of omission, it is meant that the Defendant and/or the Defendant's officers, directors, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendant's officers, directors, agents, servants or employees.

## JURY DEMAND

38. Plaintiff demands a jury trial as to all counts.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff ANTHONY GALENTINE respectfully prays that upon final hearing, the Court grant Plaintiff the following relief: (1) back pay; (2) front pay; (3) prejudgment and post judgment interest; (4) attorney's fees; (5) litigation expenses; (6) compensatory damages; (7) punitive damages; (8) liquidated damages; (9) unliquidated damages; (10) court costs, (11) unpaid overtime wages; (12) an amount equal to the amount of unpaid overtime found to be due and owed as liquidated damages; and (13) all other remedies deemed appropriate by law to which he may be entitled.

Respectfully submitted,

JONES & ASSOCIATES, PLLC
723 Main Street, Suite 902
Houston, Texas 77002
Tel: 832.224.6740
Fax: 832.529.2233

_____
DON T. NGUYEN
State Bar No. 24092897
Federal Bar No. 2489493
dnguyen@texasjoneslaw.com

DASEAN A. JONES
State Bar No. 24078750
Federal Bar No. 1503177
djones@texasjoneslaw.com

Attorneys for Plaintiff,
ANTHONY GALENTINE